EXHIBIT A

**ORIGINAL**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JIMMY WANG, MINDY WANG, WORLDWIDE ENERGY & MANUFACTURING, INC., LADENBURG THALMANN & CO., INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MATTHEW HAYDEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SAN MATEO COUNTY
DEC - 4 2012
Clerk of the Superior Court
By _____ DEPUTY CLERK

BY FAX

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: San Mateo Superior Court
*(El nombre y dirección de la corte es):*
400 County Center
Redwood City, CA 94063

**CASE NUMBER:** *(Número del Caso):*
CIV 518333

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Laurence M. Rosen, 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071, (213)785-2610

DATE: DEC - 4 2012 JOHN C. FITTON Clerk, by _____, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ORIGINAL

Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

FILED
SAN MATEO COUNTY
DEC - 4 2012
Clerk of the Superior Court
By _____
   DEPUTY CLERK

BY FAX

**SUPERIOR COURT OF CALIFORNIA**
**SAN MATEO COUNTY**

| | |
|---|---|
| MATTHEW HAYDEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>JIMMY WANG, MINDY WANG, WORLDWIDE ENERGY & MANUFACTURING, INC., LADENBURG THALMANN & CO., INC.,<br><br>Defendants. | CASE No.: CIV 518333<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE CALIFORNIA CORPORATIONS CODE<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

Plaintiff Matthew Hayden, individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**INTRODUCTION**

1.     This is a class action on behalf of all persons or entities who purchased the common stock of WorldWide Energy & Manufacturing, Inc. ("WEMU") through broker-dealer Ladenburg Thalmann & Co., Inc., in two best-efforts Private Placements in January and February

of 2010, who were damaged thereby, seeking remedies under the California Corporations Code (the "Class").

2. WEMU is a Colorado corporation with its principal place of business in San Mateo County.

3. In a best-efforts Private Placement, a broker-dealer never receives title to a security. Rather, the broker-dealer attempts to find clients who then purchase the shares directly from the issuer. The broker-dealer never buys the shares itself to re-sell to its clients.

4. Hence, WEMU sold its stock in California to Plaintiff and the Class, through the best efforts of Defendant Ladenburg Thalmann.

5. WEMU sold an aggregate of 1,970,956 shares of common stock and warrants for an aggregate purchase price of $8,869,307. Each private placement unit consisted of one share of common stock coupled with one warrant to purchase an additional share for $5.65. Each unit in the Private Placement was sold for $4.50.

6. WEMU sold $8,000,000 by means of a private placement in January of 2010, and $869,307 by means of a Private Placement in February of 2010.

7. WEMU and Ladenburg Thalmann solicited investments by means of a Securities Purchase Agreement.

8. WEMU's largest subsidiary at the time of the Securities Purchase Agreement was its solar division, operating under the brand name AmeriSolar (the "Solar Subsidiary").

9. The Solar Subsidiary accounted for 66 and 75 percent of WEMU's sales in 2008 and 2009, respectively. The Solar Subsidiary was also WEMU's most profitable subsidiary.

10. The Securities Purchase Agreement failed to disclose that in February 2009, Jimmy Wang, WEMU's founder, CEO, and Chairman of its Board, had entered into agreements to transfer 49% of the Solar Subsidiary's equity to its three Chinese managers in February 2010. Nor did WEMU disclose that it had entered into employment agreements to distribute 49% of the Solar Subsidiary's net profits to the Chinese managers until such time as they received 49% of the Solar Subsidiary's equity.

Class Action Complaint for Violation of the California Securities Laws

11. The false statements were material, in that the WEMU investors would consider it important that 49% of WEMU's largest and most profitable subsidiary's profits, and then 49% of the subsidiary itself, were being transferred to related parties.

12. Indeed, Jimmy Wang and Mindy Wang, WEMU's Vice-President, Secretary, Treasurer, and one of its Directors, lied to WEMU's outside auditors to conceal the transfers. Each signed management representation letters that affirmatively representing that the financial statements

13. The SEC has since filed suit, charging WEMU, Jimmy Wang, Mindy Wang, and Jeffrey Watson, WEMU's President, with securities fraud.

14. WEMU agreed to entry of judgment, as did Defendants Jimmy Wang, Mindy Wang, and Jeffrey Watson.

15. The SEC has revoked WEMU's registration as an Exchange Act issuer.

## JURISDICTION AND VENUE

16. Plaintiff purchased securities from WEMU, which is located in San Mateo County, California. All of the members of the proposed Class purchased securities from WEMU, which is located in the State of California.

17. Venue is proper in this county because the vast majority of the conduct and transactions giving rise to the violations of law complained of herein occurred in San Mateo County, California. WEMU is headquartered in San Mateo County, California. Plaintiff acquired his shares through a best-efforts placement. Thus, title never passed to Ladenburg Thalmann, and Plaintiff purchased his shares directly from WEMU. Thus, the transactions giving rise to Plaintiff's claims occurred in San Mateo County, California.

18. This Court has jurisdiction over the California causes of action asserted in this Complaint pursuant to the California Constitution, Article VI, §10, because this case is a cause not given by statute to other trial courts.

19. The state securities law claims asserted herein arise under §§25110, 25130 and 25210 of the Code, and result in liability under §§ 25503, 25501.5, and 25504, of the Code.

20. This case is not removable to federal court under the Securities Litigation Uniform Standards Act ("SLUSA") because the unregistered securities were not publicly traded and were not a "Covered Security" for purposes of Section 18 of the Securities Act of 1933 and SEC Rule 146 promulgated thereunder.

21. This case is not removable to federal court under the Class Action Fairness Act ("CAFA") because the federal courts have no jurisdiction over this action, because there are fewer than 100 class members. 28 U.S.C. § (d)(5)(B).

## PARTIES

22. Plaintiff Matthew Hayden purchased 21,996 shares of WEMU stock for $98,962 pursuant to a Securities Purchase Agreement dated January 26, 2010.

23. Defendant WEMU is a Colorado corporation with its principal executive officers in San Mateo County, California. WEMU, through its subsidiaries, purports to manufacture photovoltaic ("PV") solar modules and provides contract manufacturing services.

24. Defendant Jimmy Wang was, at from at least September 30, 2003, until his removal on April 25, 2011, WEMU's Chief Executive Officer.

25. Defendant Mindy Wang was, from at least September 30, 2003 until her removal on April 25, 2011, WEMU's VP, Secretary, Treasurer and one of its Directors. Defendants Jimmy Wang and Mindy Wang are husband and wife, and reside in San Mateo County.

26. Defendant Jeffrey Watson was a WEMU director from May 25, 2010, to June 3, 2011, WEMU's CFO from September 25, 2009, to February 18, 2010, and WEMU's President from January 14, 2008, to June 19, 2012.

27. Defendants Jimmy Wang, Mindy Wang, and Jeffrey Watson are collectively, the "Individual Defendants".

28. Defendant Ladenburg Thalmann & Co., Inc. is a full-service brokerage firm headquartered in New York City, New York. Ladenburg Thalmann acted as placement agent for WEMU's Private Placements.

29. The Individual Defendants, WEMU, and Ladenburg Thalmann are the "Defendants".

## DEFENDANTS' WRONGFUL ACTS

30. On January 26, 2010, WEMU sold 1,777,777 units at $4.50, pursuant to a Securities Purchase Agreement dated January 26, 2010. Each unit consisted of one share of common stock and one warrant to purchase an additional share for $5.65.

31. On February 9, 2010, WEMU sold 193,179 units with the same terms, pursuant to the same Securities Purchase Agreement.

32. The Securities Purchase Agreement provides that:

All of the direct and indirect subsidiaries of the Company are set forth on Schedule 3.1(a). *The Company owns, directly or indirectly, all of the capital stock or other equity interests of each Subsidiary free and clear of any Liens, and all of the issued and outstanding shares of capital stock of each Subsidiary are validly issued and are fully paid, non-assessable and free of preemptive and similar rights to subscribe for or purchase securities.*
[Emphasis added].

33. Schedule 3.1(a) included the Solar Division.

34. The Securities Purchase Agreement also provided that:
Since the date of the latest audited financial statements included within the SEC Reports, except as specifically disclosed in a subsequent SEC Report filed prior to the date hereof: (i) *there has been no event, occurrence or development that has had or that could reasonably be expected to result in a Material Adverse Effect* [defined to include " a material adverse effect on the results of operations, assets, business, prospects or condition"]

35. The Securities Purchase Agreement failed to mention that:

  a. Through Jimmy and Mindy Wang, WEMU had entered into a contract to transfer 49% of the Solar Subsidiary's profits to its three Chinese managers; and

  b. Also through Jimmy and Mindy Wang, WEMU had entered into agreements to transfer 49% of the Solar Subsidiary to its three Chinese managers.

36. WEMU's SEC filings reflected neither the contract to transfer 49% of the Solar Subsidiary's profits, nor the agreement to transfer 49% of the Solar Subsidiary.

37. Because loss of 49% of the Solar Subsidiary's profits has a material adverse effect on the results of operations, the statement that there has been no Material Adverse Effect was false.

5
Class Action Complaint for Violation of the California Securities Laws

38. Independently, because the expected loss of 49% of the equity in the Solar Subsidiary is a "development [...] that could reasonably be expected to result in 'a material adverse effect on [...] assets", the statement that there was no Material Adverse Effect was false.

39. The agreement to transfer 49% of WEMU's equity was memorialized in a document which provided that WEMU "will transfer the 49% stock equity to [the three Chinese managers] one year after the [Solar Subsidiary] is registered" with the Chinese government (i.e., in February 2010) (the "Transfer Agreement").

40. In October 2009, Jimmy Wang told Watson that WEMU would be required to transfer 49% of the Solar Subsidiary's equity in February 2010. Jimmy Wang and Mindy Wang also each showed Watson a copy of the Transfer Agreement.

41. In January 2010, Jimmy Wang and Watson met with potential investors during a road show to raise capital. Neither Jimmy Wang nor Watson disclosed to investors that WEMU had arranged to transfer 49% of the Solar Subsidiary's equity to the three Chinese managers, nor that WEMU was transferring 49% of net profits to the three Chinese managers.

42. A PowerPoint presentation created by Watson and distributed to potential investors highlighted the solar subsidiary's performance and touted it as the primary growth area for the Company. The Presentation included a chart indicating that WEMU wholly owned the Solar Subsidiary. The Presentation neither disclosed that WEMU was contractually obligated to provide 49% of the Solar Subsidiary's profits to WEMU nor that it was required to hand over 49% of the Solar Subsidiary's equity in February 2010.

## CLASS ACTION ALLEGATIONS

43. Plaintiff sues on behalf of himself and on behalf of a class of all persons or entities who purchased units in January and February private placements, and who were damaged thereby.

44. The members of the Class are so numerous that joinder of all members is impracticable. Although the precise number of class members is unknown to Plaintiff at this time, there were 62 persons, other than Defendants who purchased units in the Private Placements. Therefore, the maximum number of class members is 62.

Class Action Complaint for Violation of the California Securities Laws

45. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' misconduct.

46. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action litigation.

47. Common questions of law and fact exist as to all members of the Class. Among the questions of law and fact common to the Class are:

(a) whether WEMU and Ladenburg Thalmann sold securities to Plaintiff and the Class by means of untrue statements;

(b) whether WEMU's financial statement omitted to make statements necessary to make statements made by WEMU non-misleading;

(c) whether Plaintiff and other Class Members have been damaged by Defendant's conduct; and

(d) the amount of damages suffered by Plaintiff and the Class.

48. A class action is superior to all available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. There will be no difficulty in the management of this action as a class action.

## FIRST CAUSE OF ACTION

### Against WEMU For Violation of
### California Corporations Code §25401 and §25501.

49. Plaintiff incorporates by reference and realleges the preceding paragraphs as though fully set forth herein.

50. This First Cause of Action is asserted against WEMU under California Corporations Code §25401 and §25501.

51. WEMU sold the securities to plaintiffs by means of misstatements of material fact and omissions to state material fact in the State of California.

52. WEMU, acting through its executive officers and employees, offered to sell and sold its securities in the private placement to plaintiffs through omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which

they were made, not misleading. WEMU participated in the making of material omissions regarding the Financial Statements of WEMU.

53. WEMU made and participated in the making of omission of facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading for the purpose of inducing the purchase of WEMU securities by Plaintiff and the Class.

54. WEMU sold approximately $8.87 million worth of the securities to Plaintiff and the Class in the State of California. WEMU sold the shares by means of numerous written communications which omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading as more fully described above.

55. Plaintiff and the Class have suffered substantial damages because they paid an artificially inflated price for the WEMU shares. Plaintiff and the Class would not have purchased WEMU shares at the price they paid, or would not have purchased the securities at all, if they had been aware that the price had been artificially and falsely inflated by the Defendants' misleading omissions. At the time of the purchase by Plaintiff and the Class of the securities, the true and fair market value of said shares was substantially less than the market price paid by Plaintiff and the Class.

56. By reason of the foregoing, WEMU violated California Corporations Code §25401, thereby entitling Plaintiff and the Class to recover damages under California Corporations Code §25501.

57. Plaintiff has brought this action within two years of discovery of the wrongful conduct alleged herein and within five years of the purchase of the Securities.

## SECOND CAUSE OF ACTION

**Against Ladenburg Thalmann and Each Individual Defendant For Violation of California Corporations Code §25504**

58. Plaintiff incorporates by reference and realleges the preceding paragraphs as though fully set forth herein.

59. This Second Cause of Action is asserted against all Individual Defendants and Ladenburg Thalmann under California Corporations Code §25504.

60. WEMU is liable under California Corporations Code §25401 and §25501 for the wrongful conduct alleged above as set forth in the First Cause of Action.

61. The Individual Defendants were all directors, officers and control persons of WEMU.

62. Each of the Individual Defendants is liable under §25504 as an officer, director and control person of WEMU to the same extent as is WEMU for WEMU's aforesaid securities law violations under California Corporations Code §25401 and §25501.

63. Ladenburg Thalmann is a broker-dealer and materially aided WEMU in the wrongful act of selling the Securities to plaintiff in the Private Placement transactions constituting WEMU's violation of Cal. Corp Code §25401 and §25501. Ladenburg Thalmann was the placement agent and broker of the Securities and solicited Plaintiff's and the Class' purchase of the Securities from WEMU. Ladenburg Thalmann materially aided in the Securities transaction by drafting the Offering Documents and soliciting Plaintiff's and the Class' purchase of the Securities.

64. As a direct and proximate result of the Individual Defendants' and Ladenburg Thalmann's wrongful conduct described above, Plaintiff and the Class have suffered substantial damages in connection with its purchase of WEMU securities.

65. Plaintiff has brought this action within two years of discovery of the wrongful conduct alleged herein and within five years of the purchase of the Securities.

## PRAYER FOR RELIEF

WHEREFORE, the representative Plaintiff demands judgment as follows:

A. Against Defendants and in favor of Plaintiff and the Class for damages, in an amount determined to have been sustained by Plaintiff and the Class;

B. Against Defendants and in favor of Plaintiff and the Class for all general and special damages necessary to make Plaintiff and the Class whole;

C. Against Defendants and in favor of the Plaintiff and the Class for pre-judgment and post judgment interest, in an amount determined to have been sustained by Plaintiff and the Class; and

D. Awarding Plaintiff and the Class the costs of this suit, including experts' fees and other costs and disbursements; and such and other further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 3, 2012

Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

*[signature]*

Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

Class Action Complaint for Violation of the California Securities Laws